

FILED
FEB 10 2012
CLERK'S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HOME DESIGN SERVICES, INC.,
    Plaintiff,
v.                                                                    Civil Action No. 2:11cv574

J.F. SCHOCH BUILDING CORPORATION,
And JACK F. SCHOCH, individually,
    Defendants.

## OPINION AND ORDER

This matter is before the Court upon the motion to dismiss filed by Defendants J.F. Schoch Building Corporation ("SBC") and Jack F. Schoch, individually ("Schoch") (collectively, "Defendants"). The matter has been fully briefed and is ripe for decision. This Court has subject matter jurisdiction over Plaintiff Home Design Services, Inc.'s ("Plaintiff") Amended Complaint, which alleges violations of the Federal Copyright Act, 28 U.S.C. § 101, pursuant to 28 U.S.C. § 1338(a).

Plaintiff is an architectural and design firm engaged in the business of designing homes. (Pl.'s Compl. ¶ 3.) Plaintiff, a Florida corporation with its principal place of business in Longwood, Florida, is the creator and original owner of at least seven architectural copyrights, including the "HDS-2660," and its derivative, the HDS-2660-2 (hereinafter "the 2660/2660-2"), the HDS-2766 (hereinafter "the 2766"), the HDS-3004 (hereinafter "the 3004"), the HDS-3212 (hereinafter "the 3212"), the HDS-3556 (hereinafter "the 3556"), the HDS-3730 (hereinafter "the 3730"), and the HDS-3891 (hereinafter "the 3891"). (Pl.'s Compl. ¶¶ 3, 7, 19, 31, 43, 55, 67, 79.) Defendant SBC is a custom home builder operating primarily in the Virginia Beach area of

Virginia and the builder of the allegedly infringing homes. (Pl.'s Compl. ¶ 4.) Defendant Schoch is an individual residing in Virginia Beach, Virginia. (Pl.'s Compl. ¶ 5.)

Plaintiff's seven-count Complaint alleges federal copyright violations against both Defendant SBC and Defendant Schoch with respect to each of seven home models copyrighted by Plaintiff: the 2660/2660-2 (Count One); the 2766 (Count Two); the 3004 (Count Three); the 3212 (Count Four); the 3556 (Count Five); the 3730 (Count Six); and the 3891 (Count Seven). For the reasons stated herein, Defendants' motion to dismiss is hereby **GRANTED**.

## I.  FACTUAL AND PROCEDURAL HISTORY[1]

Plaintiff's Complaint contains few facts regarding Defendants' alleged infringement of Plaintiff's copyrighted works. Each count of the Complaint contains the same formulaic language. First, Plaintiff claims that it rightfully owns the copyright alleged to have been infringed by Defendants. Next, Plaintiff alleges that Defendants "infringed said copyright by advertising, designing, constructing and participating in the construction of one or more residences which were copied largely or were exact duplicates of [the copyright in question]" or, in the alternative, that Defendants are vicariously liable for such acts. Finally, Plaintiff sets forth the relief sought for each count of infringement.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) mandates that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a plaintiff need not plead "detailed factual allegations," he or she must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[1] The facts recited here are drawn from the allegations set forth in the Complaint. The facts are assumed true only for the purpose of deciding the motion currently before the Court. The facts recited here are not factual findings for any purpose other than for the consideration of the instant motion.

for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to allow such an inference. *Id.* The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Id.*

Where a plaintiff fails to meet the pleading requirements of Rule 8, Rule 12(b)(6) permits a party to move the court to dismiss an action. The function of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Neitzke v. Williams*, 409 U.S. 319, 326-27 (1989). When considering such a motion, the court must accept the plaintiff's factual allegations as true, but is "not bound to accept as true legal conclusions couched as allegations." *Iqbal*, 129 S. Ct. at 1950 (citing *Bell Atlantic*, 550 U.S. at 555).

### III. DISCUSSION

To make a prima facie case of copyright infringement, a plaintiff must first produce a valid copyright and then must establish that the defendant, without authorization, copied the protected work. *Nelson-Salabes, Inc. v. Morningside, Dev., LLC*, 284 F.3d 505, 513 (4th Cir. 2002) (citing *Towler v. Sayles*, 76 F.3d 579, 581 (4th Cir. 1996)). Thus, to establish copyright infringement, a plaintiff must plausibly plead two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Svcs. Co.*, 499 U.S. 340, 361 (1991).

#### A. Validity of Plaintiff's Copyrights

Plaintiff has tendered copies of its copyright registration certificates for the plans at issue. Such certificates create the presumption of copyright validity and ownership. *Ronald Mayotte &*

*Assoc. v. MGC Bldg. Co.*, 885 F. Supp. 148, 152 (E.D. Mich. 1994); *Eckes v. Card Prices Update*, 736 F.2d 859, 861 (2d Cir. 1984). Therefore, for the purposes of deciding this motion, the Court will proceed on the presumption that Plaintiff has valid copyrights for each of the designs provided in the Complaint.

However, although the existence of a copyright carries with it a presumption of originality, the standard for obtaining a copyright is far less stringent than that which determines the fate of a patent application, as this Court recently stated in *Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*, No. 4:10cv129, 2011 WL 4590003 (Sept. 29, 2011). As this Court recently stated in the *Ross Builder* case,

> To register and get a certificate of copyright, one merely needs to file his or her copyright. Unlike patents, the novelty of which are determined by a patent examiner before a patent may issue, there is no test to determine originality in the context of copyrights. Thus, in light of the fact that 'the Copyright Office tends toward cursory issuance of registrations,' we find, in line with the Fourth Circuit's position, that the presumption of originality which rides on the coattails of a copyright certificate is easily rebutted.

*Ross Builder*, 2011 WL 4590003, at 7 (citing *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 430 (4th Cir. 2010)).

### B. *Copying of Constituent Elements*

Because actual copying is in many cases very difficult to prove, a plaintiff may establish copying indirectly by showing that the defendant had (1) access to the copyrighted work and (2) that substantial similarity exists between the copyrighted work and the allegedly infringing work. *Keeler Brass Co. v. Continental Brass Co., 862 F.2d 1063, 1065 (4th Cir. 1988).*

### 1. The Allegedly Infringing Works

At the outset, the Court notes that Plaintiff has failed to set forth the allegedly infringing work, contending only that it is somewhere and that Defendant knows where it is. Is the allegedly infringing work in the United States? Is it in the State of Virginia? Is it in the Eastern District of Virginia? At what address is it located? This information is essential to Plaintiff's claim, and yet, it is notably absent from Plaintiff's Complaint.

### 2. Access to the Copyrighted Work

Plaintiff's Complaint must also plead that Defendants had access to the copyrighted works. Plaintiff contends that to require the Complaint to plead access converts Defendants' motion to dismiss into a motion for summary judgment. (Pl.'s Resp. Mot. Dismiss, 1-2.) This is a fundamentally inaccurate statement of long-settled principles of law. To survive a motion to dismiss, a complaint must "allege facts sufficient to state *all the elements* of [his or her] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (emphasis added). As access is an essential element of a copyright infringement claim, Plaintiff's Complaint cannot stand if it has failed to allege that Defendants had access to Plaintiff's copyrighted works.

A plaintiff can make the requisite showing of access either by direct evidence that the defendant had the opportunity to view or study the protected works or by showing that the plaintiff's and defendant's works are so strikingly similar that there is no reasonable probability that they were independently created. *See Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 2001); *Ale House Mgmt v. Raleigh Ale House*, 205 F.3d 137, 143 (4th Cir. 2000). Plaintiff has not alleged that Defendants had actual access to its copyrighted plans or that the similarities between its copyrighted works and the allegedly infringing homes built by Defendants demonstrate that

Defendants must have had access to Plaintiff's protected plans. In fact, Plaintiff does not address the issue of access at all in its Complaint, nor has it set forth the infringing works. However, Plaintiff has alleged, albeit conclusorily, that the homes built by Defendant were "copied largely or were exact duplicates" of Plaintiff's copyrighted designs. (Pl.'s Compl. ¶¶ 11, 23, 35, 47, 59, 71, 83.) Therefore, because Rule 12(b)(6) motions are granted only in "very limited circumstances," *see Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324 (4th Cir. 1989), and because we must read the allegations in the Complaint in the light most favorable to Plaintiff, the Court will examine the remaining elements of Plaintiff's Complaint. *Id.* at 325.

### 3. Substantial Similarity of the Copyrighted and Alleged Infringing Works

Plaintiff's Complaint must next allege that Defendants' homes were so similar to Plaintiff's copyrighted models that they must have been wrongfully appropriated. *T-Peg, Inc. v. Vermont Timber Works, Inc.*, 459 F.3d 97, 112 (1st Cir. 2006). In the context of architectural works, substantial similarity is evaluated "'on the basis of the original design elements that are expressive of the [designer's] creativity.'" *J.R. Lazaro Builders, Inc. v. R.E. Ripberger Builders, Inc.*, 883 F. Supp. 336, 343 (S.D. Ind. 1995). Thus, the appropriate focus of the inquiry is not on every element of the copyrighted work, but only on those aspects which are protectable under copyright laws. *T-Peg, Inc.*, 459 F.3d at 112. Because so many elements of architectural design are borrowed from the public domain, it follows that works of architecture should be treated like compilations, and be afforded only minimal copyright protection. Plaintiff complains that "the notion that architectural works are entitled to only 'thin' protection is completely inaccurate." (Pl.'s Resp. Mot. Dismiss, 2, n.1.) Plaintiff, apparently, has overlooked this very Court's most recent jurisprudence on the subject, in which we held that architectural works are indeed entitled only to "thin" copyright protection and, as such, require a showing of "supersubstantial

similarity" before an infringement claim will be sustained. *Ross Builders*, 2011 WL 4590003, at *10. Thus, although Plaintiff may believe that according architectural works only "thin" protection is a "completely inaccurate" approach, this Court disagrees.

No matter the standard applied to review Plaintiff's allegations, the Court cannot even begin to assess the sufficiency of Plaintiff's Complaint with respect to the similarity of Defendant's homes to Plaintiff's copyrighted models because Plaintiff has provided no information whatsoever about the allegedly infringing works. Plaintiff's threadbare and factually devoid assertions that the homes built by Defendants were "copied largely or were exact duplicates" of Plaintiff's copyrighted designs, fall far short of satisfying the pleading requirements of Rule 8(a), particularly considering that a primary purpose of the Rule is to put defendants on notice of their wrongdoing. *Iqbal*, 129 S. Ct. at 1949. To this contention Plaintiff responds that "Defendants know exactly what homes they have built, what the addresses are, who their customers were, and what they look like." (Pl.'s Resp. Mot. Dismiss, 3.) But the Court has no knowledge of what homes Defendants have built, what the addresses are, or what they look like. Similarly, although it is possible that Defendants "can see what designs they (allegedly) used that infringe on [Plaintiff's] works" by viewing Plaintiff's copyrighted models attached to the Complaint, Plaintiff has left the Court completely in the dark. (Pl.'s Resp. Mot. Dismiss, 3.) Finally, despite Plaintiff's contention that Defendants can "figure out why they are being sued," (Pl.'s Resp. Mot. Dismiss, 6), a defendant in a civil action has no such burden. *See Twombly*, 550 U.S. at 545 (complaint must state sufficient facts to give defendant notice of what the claim is and the grounds upon which it rests); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a

complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8")

Plaintiff protests that its Complaint is based on Form 19 of the Federal Rules of Civil Procedure, which provides a sample complaint for copyright infringement, and that this makes the Complaint *de facto* sufficient. (Pl.'s Resp. Mot. Dismiss, 7.) However, although Plaintiff may have used Form 19 as a model, one essential element of Form 19 is conspicuously absent from Plaintiff's Complaint. Paragraph six of Form 19 provides that the plaintiff must identify the allegedly infringing work by name and attach a copy of the infringing work as an exhibit to the complaint. Fed. R. Civ. P. Appx. Form 19 ¶ 6. Although Plaintiff has provided the Court with depictions of its own designs, Plaintiff has not provided any information about the allegedly infringing designs, and thus has failed to support its claims with the requisite factual basis.

## IV. CONCLUSION

Because the Court finds that Plaintiff's Complaint fails to allege sufficient facts to support an infringement claim, Defendants' motion to dismiss is hereby **GRANTED**. However, Plaintiff may, within eleven days of the entry of this Order, file an amended complaint setting forth the necessary allegations, and Defendants may, within eleven days after service of any amended complaint, file responsive pleadings. Should Plaintiff fail to file an amended complaint within eleven days from the date of this Order, the case will be dismissed. The Clerk of Court is **DIRECTED** to transmit a copy of this Order to all counsel of record.

It is so **ORDERED**.

February _10_, 2012

Norfolk, Virginia

/s/
Robert G. Doumar
Senior United States District Judge