UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

HOME DESIGN SERVICES, INC.,

        Plaintiff,                                    Civil Action No.: 2:11 cv574

v.

J.F. SCHOCH BUILDING CORPORATION,
and JACK F. SCHOCH, individually,

        Defendants.
_____/

## AMENDED COMPLAINT - INJUNCTIVE RELIEF SOUGHT

Plaintiff sues Defendants and alleges:

## JURISDICTION AND VENUE

1.   This action arises under the federal Copyright Act of 1976, Title 17, United States

Code.  Jurisdiction is founded on Title 28, United States Code, Section 1338(a).

Venue is conferred by Title 28, United States Code, Section 1400(a).

## THE PARTIES

2.   Plaintiff, HOME DESIGN SERVICES, INC., is a corporation, organized and existing

pursuant to the laws of the State of Florida, with its principal place of business at 157

E. Lake Brantley Drive, Longwood, Florida.

3.   Plaintiff is an architectural/design firm engaged in the business of designing homes.

4.   In addition to designing homes for customers, Plaintiff also markets and sells licenses

to use its architectural designs.  Home Design creates and sells its architectural

designs through the internet, as well as various magazines and publications, including

its own magazine known as *Home Design*.  This publication includes color renderings

of Plaintiff's architectural designs, inked floor plans and actual photographs of the

homes.

5.  The architectural designs that are the subject of this lawsuit were available, at all relevant times, through at least one of the advertizing sources referenced in paragraph 4 above, or directly from Plaintiff.

6.  Defendant, J.F. SCHOCH BUILDING CORPORATION, is a corporation, organized and existing pursuant to the laws of the State of Virginia, with its principal place of business at 1741 Corporate Landing Parkway, Ste. 101, Virginia Beach, Virginia.

7.  Defendant, JACK F. SCHOCH, is a citizen of the United States, who, upon information and belief, is residing at 5226 Indian River Road, #102, Virginia Beach, Virginia.

8.  Between 1997 and at least 2000, the Defendants engaged in a long history of purchasing licenses to use Plaintiff's architectural designs, as well as purchasing other materials from Plaintiff. Specifically, during this time period, Defendants purchased one-time licenses to build at least a dozen different plan designs owned by Plaintiff.[1]

9.  In addition to purchasing licenses during this time, Defendants also bought various plan books or catalogues from Plaintiff, which contained depictions of numerous architectural designs owned by Plaintiff, as well as a CD-ROM of numerous architectural designs, "study sets" that allowed Defendants to view with some detail a particular architectural design, but from which building a home was not authorized, and at least one marketing package.

10.  Once Defendants began purchasing materials from Plaintiff, Defendants were placed on Plaintiff's mailing list, which resulted in Defendants receiving Plaintiff's *Home*

---

[1] A one-time license afforded the Defendants the right to build the particular architectural design one time.

*Design* publications.

11. Defendants went on to build homes from the licenses it purchased. Unfortunately, however, Defendants also built homes using Plaintiff's architectural designs without purchasing a license to do so. It is those homes that are the subject of this lawsuit.

## COUNT I
### COPYRIGHT INFRINGEMENT OF THE 2660/2660-2

12. Plaintiff realleges paragraphs 1 through 11 above.

13. Plaintiff is the creator and original owner of an original architectural work entitled and advertised as the "HDS-2660," and its derivative, the "HDS-2660-2" (hereinafter "the 2660/2660-2"), a copy of the base floor plan and elevation of which is attached hereto as *Exhibit 1* and incorporated herein by reference. Full size construction drawings are available but have not been attached due to their size and bulk.

14. The 2660/2660-2 was originally created by the Plaintiff in or around 1994.

15. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the 2660/2660-2, and has received from the Register of Copyrights certificates of registration, dated and identified as follows: "May 31, 2006 VA 1-360-478," "April 19, 2000 VA 1-006-027," and "May 17, 2004 VA 1-266-641." These certificates of registration and a supplement are attached hereto as *Composite Exhibit 2* and incorporated herein by reference.

16. Plaintiff is the owner of the entire right, title and interest in and to the 2660/2660-2, and in and to the copyrights thereon and the registrations thereof.

17. In or around 1997, Defendants purchased a license to build the 2660/2660-2 design

one-time.

18. After the 2660/2660-2 was created, the above-named Defendants infringed said copyright by advertising, designing, constructing and participating in the construction of one or more residences which were copied largely or were exact duplicates of the 2660/2660-2, including, but not limited to, homes located at 3116 Stonewood Drive, and/or 2621 Nestlebrook Trail.[2]

19. One of the referenced residences could have been built with the license Defendants purchased but Plaintiff cannot verify as much at this time with the information it has obtained.  However, even if one of these residences was built with a valid license, the other was not and thus is an infringement.

20. Plaintiff is unable to furnish a copy of the plans used to construct the subject residences, as the local governing authorities were unable to produce them and Defendants have not produced them.

21. In the alternative, Defendants are contributorily liable for the acts of infringement alleged herein because they knowingly aided, induced or contributed to direct copyright infringement by others.

22. Alternatively, Defendants are vicariously liable for copyright infringement because they had the right and ability to supervise the infringing activity, and a direct financial interest in the infringing activity.

23. Plaintiff is entitled to recover its actual damages incurred as a result of the Defendants' infringing activities, as well as any profits of the Defendant infringers.

---

[2] All homes listed in this Complaint were built in Virginia Beach, VA.

24. In the alternative, Plaintiff is entitled to recover statutory damages of up to $150,000.00 from each infringer for each act of infringement.

25. Any continued unauthorized and infringing use by the Defendants of the 2660/2660-2 will, unless enjoined, cause irreparable harm, damage and injury to the Plaintiff in that the construction or advertising of any additional structures based upon the 2660/2660-2 will severely diminish the value of the original work, constitute unfair competition with Plaintiff's exclusive right to the use of the 2660/2660-2 and dilute the market for the 2660/2660-2.

26. Plaintiff has employed the services of the law firms of Childress, Flax, Levine, and Parrish, Lawhon & Yarnell, P.A. to prosecute this action and has agreed to pay same a reasonable fee.

WHEREFORE, Plaintiff requests the following relief:

A. That Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising or constructing any structure based upon the copywritten work and from reproducing or otherwise distributing or selling it in whole or in part.

B. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright and Defendants' unfair trade practices and unfair competition and to account for all:

1. Gains, profits and advantages derived by Defendants through such trade practices and unfair competition; and

-5-

2.    Gains, profits and advantages derived by the Defendants through their infringement of Plaintiff's copyright.

C.    That Defendants, in the alternative to B. above, be required to pay statutory damages for infringement of Plaintiff's copyright.

D.    That Defendants be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the court.

E.    Such other and further relief as is just.

## COUNT II
### COPYRIGHT INFRINGEMENT OF THE 2766

27.   Plaintiff realleges paragraphs 1 through 11 above.

28.   Plaintiff is the creator and original owner of an original architectural work entitled and advertised as the "HDS-2766" (hereinafter "the 2766"), a copy of the base floor plan and elevation of which is attached hereto as ***Exhibit 3*** and incorporated herein by reference. Full size construction drawings are available but have not been attached due to their size and bulk.

29.   The 2766 was originally created by the Plaintiff in or around 1994.

30.   Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the 2766, and has received from the Register of Copyrights a certificate of registration, dated and identified as follows: "September 8, 2010 VA 1-732-942." The certificate of registration is attached hereto as ***Exhibit 4*** and incorporated herein by reference.

31.   Plaintiff is the owner of the entire right, title and interest in and to the 2766, and in

and to the copyrights thereon and the registrations thereof.

32. Defendants have never purchased a license to build the 2766 design.

33. After the 2766 was created, the above-named Defendants infringed said copyright by advertising, designing, constructing and participating in the construction of one or more residences which were copied largely or were exact duplicates of the 2766, including, but not limited to, the home located at 2533 Greystone Street.

34. Plaintiff is unable to furnish a copy of the plans used to construct the subject residence, as the local governing authorities were unable to produce them and Defendants have not produced them.

35. In the alternative, Defendants are contributorily liable for the acts of infringement alleged herein because they knowingly aided, induced or contributed to direct copyright infringement by others.

36. Alternatively, Defendants are vicariously liable for copyright infringement because they had the right and ability to supervise the infringing activity, and a direct financial interest in the infringing activity.

37. Plaintiff is entitled to recover its actual damages incurred as a result of the Defendants' infringing activities, as well as any profits of the Defendant infringers.

38. In the alternative, Plaintiff is entitled to recover statutory damages of up to $150,000.00 from each infringer for each act of infringement.

39. Any continued unauthorized and infringing use by the Defendants of the 2766 will, unless enjoined, cause irreparable harm, damage and injury to the Plaintiff in that the construction or advertising of any additional structures based upon the 2766 will severely diminish the value of the original work, constitute unfair competition with

Plaintiff's exclusive right to the use of the 2766 and dilute the market for the 2766.

40. Plaintiff has employed the services of the law firms of Childress, Flax, Levine, and Parrish, Lawhon & Yarnell, P.A. to prosecute this action and has agreed to pay same a reasonable fee.

WHEREFORE, Plaintiff requests the following relief:

A. That Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising or constructing any structure based upon the copywritten work and from reproducing or otherwise distributing or selling it in whole or in part.

B. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright and Defendants' unfair trade practices and unfair competition and to account for all:

1. Gains, profits and advantages derived by Defendants through such trade practices and unfair competition; and

2. Gains, profits and advantages derived by the Defendants through their infringement of Plaintiff's copyright.

C. That Defendants, in the alternative to B. above, be required to pay statutory damages for infringement of Plaintiff's copyright.

D. That Defendants be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the court.

E. Such other and further relief as is just.

## COUNT III
## COPYRIGHT INFRINGEMENT OF THE 3004

41.  Plaintiff realleges paragraphs 1 through 11 above.

42.  Plaintiff is the creator and original owner of an original architectural work entitled and advertised as the "HDS-3004" (hereinafter "the 3004"), a copy of the base floor plan and elevation of which is attached hereto as ***Exhibit 5*** and incorporated herein by reference.  Full size construction drawings are available but have not been attached due to their size and bulk.

43.  The 3004 was originally created by the Plaintiff in or around 1998.

44.  Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and has secured the exclusive rights and privileges in and to the copyright of the 3004, and has received from the Register of Copyrights a certificate of registration, dated and identified as follows: "October 6, 2011 VAu 1-078-038." The registration certificate is attached as ***Exhibit 6*** and incorporated herein by reference.

45.  Plaintiff is the owner of the entire right, title and interest in and to the 3004, and in and to the copyrights thereon and the registrations thereof.

46.  Defendants have never purchased a license to build the 3004 design.

47.  After the 3004 was created, the above-named Defendants infringed said copyright by advertising, designing, constructing and participating in the construction of one or more residences which were copied largely or were exact duplicates of the 3004, including, but not limited to, the home located at 2780 Nestlebrook Trail.

48.  Plaintiff is unable to furnish a copy of the plans used to construct the subject residence, as the local governing authorities were unable to produce them and

Defendants have not produced them.

49. In the alternative, Defendants are contributorily liable for the acts of infringement alleged herein because they knowingly aided, induced or contributed to direct copyright infringement by others.

50. Alternatively, Defendants are vicariously liable for copyright infringement because they had the right and ability to supervise the infringing activity, and a direct financial interest in the infringing activity.

51. Plaintiff is entitled to recover its actual damages incurred as a result of the Defendants' infringing activities, as well as any profits of the Defendant infringers.

52. In the alternative, Plaintiff is entitled to recover statutory damages of up to $150,000.00 from each infringer for each act of infringement.

53. Any continued unauthorized and infringing use by the Defendants of the 3004 will, unless enjoined, cause irreparable harm, damage and injury to the Plaintiff in that the construction or advertising of any additional structures based upon the 3004 will severely diminish the value of the original work, constitute unfair competition with Plaintiff's exclusive right to the use of the 3004 and dilute the market for the 3004.

54. Plaintiff has employed the services of the law firms of Childress, Flax, Levine, and Parrish, Lawhon & Yarnell, P.A. to prosecute this action and has agreed to pay same a reasonable fee.

WHEREFORE, Plaintiff requests the following relief:

A. That Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising or

constructing any structure based upon the copywritten work and from reproducing or otherwise distributing or selling it in whole or in part.

B. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright and Defendants' unfair trade practices and unfair competition and to account for all:

    1. Gains, profits and advantages derived by Defendants through such trade practices and unfair competition; and

    2. Gains, profits and advantages derived by the Defendants through their infringement of Plaintiff's copyright.

C. That Defendants, in the alternative to B. above, be required to pay statutory damages for infringement of Plaintiff's copyright.

D. That Defendants be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the court.

E. Such other and further relief as is just.

## COUNT IV
### COPYRIGHT INFRINGEMENT OF THE 3212

55. Plaintiff realleges paragraphs 1 through 11 above.

56. Plaintiff is the creator and original owner of an original architectural work entitled and advertised as the "HDS-3212" (hereinafter "the 3212"), a copy of the base floor plan and elevation of which is attached hereto as ***Exhibit 7*** and incorporated herein by reference. Full size construction drawings are available but have not been attached due to their size and bulk.

-11-

57. The 3212 was originally created by the Plaintiff in or around 1991.

58. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the 3212, and has received from the Register of Copyrights a certificate of registration, dated and identified as follows: "September 8, 2010 VA 1-732-941." The certificate of registration is attached hereto as **Exhibit 8** and incorporated herein by reference.

59. Plaintiff is the owner of the entire right, title and interest in and to the 3212, and in and to the copyrights thereon and the registrations thereof.

60. In or around 1997, Defendants purchased a license to build the 3212 design one-time.

61. After the 3212 was created, the above-named Defendants infringed said copyright by advertising, designing, constructing and participating in the construction of one or more residences which were copied largely or were exact duplicates of the 3212, including, but not limited to, the homes located at 2512 Calumet Drive, 2500 Nestlebrook Trail, 2576 Nestlebrook Trail, 2609 Nestlebrook Trail, 2637 Nestlebrook Trail, 2665 Nestlebrook Trail, 2689 Nestlebrook Trail, and 2733 Nestlebrook Trail.

62. One of the referenced residences could have been built with the license Defendants purchased but Plaintiff cannot verify as much at this time with the information it has obtained. However, even if one of these residences was built with a valid license, none of the others were and thus they constitute an infringement.

63. Plaintiff is unable to furnish a copy of the plans used to construct the subject residences, as the local governing authorities were unable to produce them and Defendants have not produced them.

64.   In the alternative, Defendants are contributorily liable for the acts of infringement alleged herein because they knowingly aided, induced or contributed to direct copyright infringement by others.

65.   Alternatively, Defendants are vicariously liable for copyright infringement because they had the right and ability to supervise the infringing activity, and a direct financial interest in the infringing activity.

66.   Plaintiff is entitled to recover its actual damages incurred as a result of the Defendants' infringing activities, as well as any profits of the Defendant infringers.

67.   In the alternative, Plaintiff is entitled to recover statutory damages of up to $150,000.00 from each infringer for each act of infringement.

68.   Any continued unauthorized and infringing use by the Defendants of the 3212 will, unless enjoined, cause irreparable harm, damage and injury to the Plaintiff in that the construction or advertising of any additional structures based upon the 3212 will severely diminish the value of the original work, constitute unfair competition with Plaintiff's exclusive right to the use of the 3212 and dilute the market for the 3212.

69.   Plaintiff has employed the services of the law firms of Childress, Flax, Levine, and Parrish, Lawhon & Yarnell, P.A. to prosecute this action and has agreed to pay same a reasonable fee.

WHEREFORE, Plaintiff requests the following relief:

A.    That Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising or constructing any structure based upon the copywritten work and from

reproducing or otherwise distributing or selling it in whole or in part.

B.     That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright and Defendants' unfair trade practices and unfair competition and to account for all:

1.     Gains, profits and advantages derived by Defendants through such trade practices and unfair competition; and

2.     Gains, profits and advantages derived by the Defendants through their infringement of Plaintiff's copyright.

C.     That Defendants, in the alternative to B. above, be required to pay statutory damages for infringement of Plaintiff's copyright.

D.     That Defendants be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the court.

E.     Such other and further relief as is just.

**COUNT V**
**COPYRIGHT INFRINGEMENT OF THE 3556**

70.   Plaintiff realleges paragraphs 1 though 11 above.

71.   Plaintiff is the creator and original owner of an original architectural work entitled and advertised as the "Plaintiff-3556" (hereinafter "the 3556"), a copy of the base floor plan and elevation of which is attached to this Complaint as *Exhibit 9* and incorporated herein by reference. Full size construction drawings are available but have not been attached due to their size and bulk.

72.   The 3556 was originally created by the Plaintiff in or around 1989.

73. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the 3556, and received from the Register of Copyrights certificates of registration, dated and identified as follows: "March 31, 2003 VA 1-201-047," and "May 17, 2004 VA 1-266-637." Said certificates of registration and a supplement are attached to this Complaint as ***Composite Exhibit 10*** and incorporated herein by reference.

74. Plaintiff is the owner of the entire right, title and interest in and to the 3556, and in and to the copyrights thereon and the registrations thereof.

75. Defendants have never purchased a license to build the 3556 design.

76. After the 3556 was created, the Defendants infringed said copyright by advertising, designing, and constructing one or more residences which were copied largely or were exact duplicates of the 3556, including, but not limited to, the homes built at 2500 Calumet Drive, 1708 Lower Church Court, 2721 Nestlebrook Trail, and 3200 Stonewood Drive.

77. Plaintiff is unable to furnish a copy of the plans used to construct the subject residences, as the local governing authorities were unable to produce them and Defendants have not produced them.

78. In the alternative, Defendants are contributorily liable for the acts of infringement alleged herein because they knowingly aided, induced or contributed to direct copyright infringement by others.

79. Alternatively, Defendants are vicariously liable for copyright infringement because they had the right and ability to supervise the infringing activity, and a direct financial

interest in the infringing activity.

80. Plaintiff is entitled to recover its actual damages incurred as a result of the Defendants' infringing activities, as well as any profits of the Defendants' infringers.

81. In the alternative, Plaintiff is entitled to recover statutory damages of up to $150,000.00 from each infringer for each act of infringement.

82. Any continued unauthorized and infringing use by the Defendants of the 3556 will, unless enjoined, cause irreparable harm, damage and injury to Plaintiff in that the design, construction or advertising of any additional structures based upon the 3556 will severely diminish the value of the original work, constitute unfair competition with Plaintiff's exclusive right to the use of the 3556 and dilute the market for the 3556.

83. Plaintiff has employed the services of the law firms of Childress, Flax, Levine, and Parrish, Lawhon & Yarnell, P.A. to prosecute this action and has agreed to pay same a reasonable fee.

WHEREFORE, Plaintiff requests the following relief against all the Defendants:

A. That Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising, designing, or constructing any structure based upon the copywritten work and from reproducing or otherwise distributing or selling it in whole or in part.

B. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright and Defendants' unfair trade practices and unfair competition and to account

for all:

    1.    Gains, profits and advantages derived by Defendants through such trade practices and unfair competition; and

    2.    Gains, profits and advantages derived by the Defendants through their infringement of Plaintiff's copyright.

C.    That Defendants, in the alternative to B. above, be required to pay statutory damages for infringement of Plaintiff's copyright.

D.    That Defendants be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the court.

E.    Such other and further relief as is just.

### COUNT VI
### COPYRIGHT INFRINGEMENT OF THE 3730

84. Plaintiff realleges paragraphs 1 through 11 above.

85. Plaintiff is the creator and original owner of an original architectural work entitled and advertised as the "HDS-3730" (hereinafter "the 3730"), a copy of the base floor plan and elevation of which is attached hereto as *Exhibit 11* and incorporated herein by reference. Full size construction drawings are available but have not been attached due to their size and bulk.

86. The 3730 was originally created by the Plaintiff in or around 1988.

87. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the 3730, and has received from the Register of Copyrights a certificate of registration, dated and identified as follows: "September 8, 2010 VA 1-732-942." The

certificate of registration is attached hereto as ***Exhibit 12*** and incorporated herein by reference.

88. Plaintiff is the owner of the entire right, title and interest in and to the 3730, and in and to the copyrights thereon and the registrations thereof.

89. In 1998, Defendants purchased a license to build the 3730 design one time.

90. After the 3730 was created, the above-named Defendants infringed said copyright by advertising, designing, constructing and participating in the construction of one or more residences which were copied largely or were exact duplicates of the 3730, including but not limited to, the homes built at 2532 Greystone Street and/or 2537 Greystone Street.

91. One of the referenced residences could have been built with the license Defendants purchased but Plaintiff cannot verify as much at this time with the information it has obtained. However, even if one of these residences was built with a valid license, the other was not and thus is an infringement.

92. Plaintiff is unable to furnish a copy of the plans used to construct the subject residences, as the local governing authorities were unable to produce them and Defendants have not produced them.

93. In the alternative, Defendants are contributorily liable for the acts of infringement alleged herein because they knowingly aided, induced or contributed to direct copyright infringement by others.

94. Alternatively, Defendants are vicariously liable for copyright infringement because they had the right and ability to supervise the infringing activity, and a direct financial interest in the infringing activity.

95. Plaintiff is entitled to recover its actual damages incurred as a result of the Defendants' infringing activities, as well as any profits of the Defendant infringers.

96. In the alternative, Plaintiff is entitled to recover statutory damages of up to $150,000.00 from each infringer for each act of infringement.

97. Any continued unauthorized and infringing use by the Defendants of the 3730 will, unless enjoined, cause irreparable harm, damage and injury to the Plaintiff in that the construction or advertising of any additional structures based upon the 3730 will severely diminish the value of the original work, constitute unfair competition with Plaintiff's exclusive right to the use of the 3730 and dilute the market for the 3730.

98. Plaintiff has employed the services of the law firms of Childress, Flax, Levine, and Parrish, Lawhon & Yarnell, P.A. to prosecute this action and has agreed to pay same a reasonable fee.

WHEREFORE, Plaintiff requests the following relief:

A.   That Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising or constructing any structure based upon the copywritten work and from reproducing or otherwise distributing or selling it in whole or in part.

B.   That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright and Defendants' unfair trade practices and unfair competition and to account for all:

  1.   Gains, profits and advantages derived by Defendants through such trade

practices and unfair competition; and

2.  Gains, profits and advantages derived by the Defendants through their infringement of Plaintiff's copyright.

C.  That Defendants, in the alternative to B. above, be required to pay statutory damages for infringement of Plaintiff's copyright.

D.  That Defendants be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the court.

E.  Such other and further relief as is just.

## COUNT VII
## COPYRIGHT INFRINGEMENT OF THE 3891

99.  Plaintiff realleges paragraphs 1 through 11 above.

100. Plaintiff is the creator and original owner of an original architectural work entitled and advertised as the "HDS-3891" (hereinafter "the 3891"), a copy of the base floor plan and elevation of which is attached hereto as ***Exhibit 13*** and incorporated herein by reference. Full size construction drawings are available but have not been attached due to their size and bulk.

101. The 3891 was originally created by the Plaintiff in or around 1993.

102. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the 3891, and has received from the Register of Copyrights a certificate of registration, dated and identified as follows: "October 6, 2011 VA 1-789-675." The registration certificate is attached as ***Exhibit 14*** and incorporated herein by reference.

103.    Plaintiff is the owner of the entire right, title and interest in and to the 3891, and in and to the copyrights thereon and the registrations thereof.

104.    In 1998, Defendants purchased a license to build the 3891 design one time.

105.    After the 3891 was created, the above-named Defendants infringed said copyright by advertising, designing, constructing and participating in the construction of one or more residences which were copied largely or were exact duplicates of the 3891, including, but not limited to, 2528 Greystone Street, 2692 Nestlebrook Trail, and/or 2757 Nestlebrook Trail.

106.    One of these residences could have been built with the license Defendants purchased but Plaintiff cannot verify as much at this time with the information it has obtained. However, even if one of these residences was built with a valid license, the others were not and thus are an infringement.

107.    Plaintiff is unable to furnish a copy of the plans used to construct the subject residences, as the local governing authorities were unable to produce them and Defendants have not produced them.

108.    In the alternative, Defendants are contributorily liable for the acts of infringement alleged herein because they knowingly aided, induced or contributed to direct copyright infringement by others.

109.    Alternatively, Defendants are vicariously liable for copyright infringement because they had the right and ability to supervise the infringing activity, and a direct financial interest in the infringing activity.

110.    Plaintiff is entitled to recover its actual damages incurred as a result of the Defendants' infringing activities, as well as any profits of the Defendant

infringers.

111. In the alternative, Plaintiff is entitled to recover statutory damages of up to $150,000.00 from each infringer for each act of infringement.

112. Any continued unauthorized and infringing use by the Defendants of the 3891 will, unless enjoined, cause irreparable harm, damage and injury to the Plaintiff in that the construction or advertising of any additional structures based upon the 3891 will severely diminish the value of the original work, constitute unfair competition with Plaintiff's exclusive right to the use of the 3891 and dilute the market for the 3891.

113. Plaintiff has employed the services of the law firms of Childress, Flax, Levine, and Parrish, Lawhon & Yarnell, P.A. to prosecute this action and has agreed to pay same a reasonable fee.

WHEREFORE, Plaintiff requests the following relief:

A. That Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising or constructing any structure based upon the copywritten work and from reproducing or otherwise distributing or selling it in whole or in part.

B. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright and Defendants' unfair trade practices and unfair competition and to account for all:

1. Gains, profits and advantages derived by Defendants through such trade

practices and unfair competition; and

2.    Gains, profits and advantages derived by the Defendants through their

infringement of Plaintiff's copyright.

C.    That Defendants, in the alternative to B. above, be required to pay statutory

damages for infringement of Plaintiff's copyright.

D.    That Defendants be required to pay to Plaintiff the costs of this action and

reasonable attorney's fees to be allowed Plaintiff by the court.

E.    Such other and further relief as is just.

Respectfully submitted this  14th  day of February, 2012.


    /s/ Jeffrey C. Flax, Esq.
Jeffrey C. Flax, Esquire
CHILDRESS, FLAX, LEVINE, P.C.
Counsel for Plaintiff
533 Newtown Road, Suite 101
Virginia Beach, Virginia 23462
(757) 499-9601 Telephone
(757) 499-2750 Fax
Email: flax9601@aol.com
Virginia State Bar No.: 19530


    /s/ Anthony M. Lawhon, Esq.
Anthony M. Lawhon, Esq.
PARRISH, LAWHON & YARNELL, P.A.
3431 Pine Ridge Road, Suite 101
Naples, Florida 34109
(239) 566-2013 Telephone
(239) 566-9561 Fax
Email: Tonylawhon@napleslaw.us
Florida State Bar No.: 965390

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on the 14th day of February, 2012, the foregoing Amended Complaint – Injunctive Relief Sought was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Brian N. Casey, Esquire
Virginia State Bar No.: 26710
Attorney for J.F. Schoch Building Corporation and
Jack F. Schoch, individually
TAYLOR WALKER, P.C.
555 E. Main Street, Suite 1300
P.O. Box 3490 (23514-3490)
Norfolk, Virginia 23510
(757) 625-7300
(757) 626-1504 facsimile
bcasey@taylorwalkerlaw.com

/s/ Jeffrey C. Flax, Esquire
Jeffrey C. Flax (V.S.B. 19530)
Jeffrey C. Flax, Esquire
Childress, Flax & Levine, P.C.
Counsel for Plaintiff
533 Newtown Road, Suite 101
Virginia Beach, VA 23462
(757) 499-9601 Telephone
(757) 499-2750 Facsimile
Email: jflax9601@aol.com
VSBN: 19530

-24-